IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KELLIE BROWN, et al.

    Plaintiffs,

       v.                  CIVIL NO.: WDQ-12-3141

AARON'S SALES AND LEASE
OWNERSHIP, et al.

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Kellie Brown, individually and as parent and next friend of
C.J. and C.B., and Andre Bright (collectively, the "plaintiffs")
sued Aaron's Sales and Lease Ownership; WGC, LLC (collectively,
"Aaron's"); Terminix; and The Terminix International Company
L.P. (collectively, "Terminix") for injuries arising out of a
bed bug infestation. Aaron's crossclaimed against Terminix for
breach of warranty, contribution, and indemnity. Pending are
Terminix's motions to dismiss the plaintiff's negligence claim
and Aaron's contribution and indemnification crossclaims. Also
pending is Terminix's unopposed motion for an extension of time
to file an answer. No hearing is necessary. *See* Local Rule
105.6. For the following reasons, Terminix's motions to dismiss
will be denied. Its unopposed motion for an extension of time
will be granted.

I.    Background[1]

Brown is the mother of C.J. and C.B. and Bright's former fiancée. ECF No. 3 ¶ 1. On February 7, 2012, Brown purchased a bedroom furniture set--including a mirror, chest, set of drawers, nightstand, and queen-sized headboard--from an Aaron's store in Fruitland, Maryland. *Id.* ¶ 8. On February 9, 2012, Bright picked up the furniture, which the plaintiffs placed in C.J.'s bedroom. *Id.* ¶ 9. The furniture was infested with bed bugs. *Id.* ¶ 10.

Within a week of acquiring the furniture, C.J. began to suffer from "itchy red bumps." *Id.* ¶ 12. Although Brown sought medical attention for C.J. on February 16, 2012, the bumps were not identified as bed bug bites. *Id.*

On February 27, 2012, Brown discovered a bed bug in the furniture and called Aaron's. *Id.* ¶ 13. The next day, she went to Aaron's and showed the manager the bed bug. *Id.* ¶ 14. The manager denied her request to remove the furniture and provide a refund; instead he sent a deliveryman to Brown's home. *Id.* ¶ 15. The deliveryman gave Brown a spray to use if she saw more bugs. *Id.*

---

[1] For the motions to dismiss for failure to state a claim, the well-pled allegations in the complaint and crossclaim are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

On February 29, 2012, C.J. found two bed bugs crawling out of her notebook at school. *Id.* ¶ 16. That day, Brown again went to Aaron's to complain. *Id.* ¶ 17. The manager inspected C.J.'s bedroom and agreed to send Terminix to the home. *Id.* According to Aaron's, it and Terminix entered into an agreement "whereby Terminix agreed to provide certain inspection and extermination services at [Brown's] residence . . . and Aaron's agreed to pay Terminix for the services provide[d]."[2] ECF No. 29 ¶ 2.

On March 1, 2012, Terminix inspected C.J.'s room, but failed to find any bed bugs in the headboard or dresser. ECF No. 3 ¶ 18. The next day, Aaron's agreed to retrieve the furniture and refund Brown's money. *Id.* ¶ 19. While dissembling the furniture, the plaintiffs found bed bugs in the headboard and dresser. *Id.* The plaintiffs called Terminix, which failed to appear for scheduled appointments on March 3 and 8, 2012. *Id.* ¶ 20. On March 9, 2012, Terminix treated the house. *Id.* ¶ 22.

On March 11, 2012, the plaintiffs observed bed bugs on curtains and mattresses in C.J.'s bedroom. *Id.* ¶ 23. Terminix returned to spray and inspect C.J.'s bedroom and inspect the living room. *Id.*¶ 24.

---

[2] The contract itself is not in the record, and the complaint contains no allegations about the agreement.

On March 26, 2012, Brown and Bright were bitten by bed bugs in their bedroom; Brown immediately called Terminix. *Id.* ¶ 25. On March 31, 2012, Tom Craige, Aaron's district manager, came to Brown's house and gave her $100 for washing the household's laundry. *Id.* ¶¶ 26-27. On April 3, 2012, Terminix again treated the house. *Id.* ¶ 28. On April 4, 2012, Craige promised Brown that he would provide a new mattress and bedframe for C.J.; Brown never received them. *Id.* ¶ 29. According to Aaron's, it paid Terminix for its services at Brown's home. ECF No. 20 ¶ 5.

On May 5, 2012, Brown saw a bed bug and bites on C.B.'s face. ECF No. 3 ¶ 30. Brown took the bed bug to Aarons, and Craige agreed to place the family in a hotel room for the weekend. *Id.* However, they were unable to use the room because no Aaron's card holder was present. *Id.*

On May 7, 2012, Ehrlich Pest Control Services, which had been contracted by Craige, arrived at Brown's for an inspection. *Id.* ¶ 31. On May 8, 2012, Ehrlich sprayed the baseboards, and on May 16, 2012, it performed a heat treatment. *Id.* ¶¶ 34, 34. On May 17, 2012, Brown found a bed bug in her clothing; Craige provided $200 to rewash the laundry. *Id.* ¶ 35. From their experience with the bed bugs, the plaintiffs have lost personal property, suffered personal injuries, emotional distress, and

4

sleep deprivation, and C.J. has scars from the bites. *Id.* ¶¶ 37-41.

On September 13, 2012, the plaintiffs filed suit in the Circuit Court for Wicomico County, Maryland, alleging (1) negligence (against Aaron's), (2) breach of warranty (Aaron's), (3) violations of the Maryland Consumer Protection Act[3] (Aaron's), and (4) negligence (Terminix). ECF No. 3. On October 24, 2012, Terminix and Aaron's answered, and Terminix removed to this Court. ECF Nos. 1, 7, 18.

On October 31, 2012 Terminix moved to dismiss Count IV of the complaint for failure to state a claim. ECF No. 16. On November 13, 2012, the plaintiffs opposed the motion, ECF No. 19, and on November 16, 2012, Aaron's opposed, ECF No. 23. On November 27, 2012, Terminix replied. ECF No. 24.

On November 14, 2012, Aaron's crossclaimed against Terminix for (1) breach of contract, (2) contribution, and (3) indemnification. ECF No. 20. On December 4, 2012, Terminix moved to dismiss Counts II and III of the crossclaim and for an extension of time[4] to respond to Count I until the motion to dismiss has been resolved. ECF Nos. 25, 26. On December 19, 2012, the plaintiffs opposed the motion to dismiss, ECF No. 27,

---

[3] Md. Code Ann., Com. Law §§ 13-301 *et seq.*

[4] This motion is unopposed and will be granted.

and on December 21, 2012, Aaron's opposed, ECF No. 28. On January 7, 2013, Terminix replied. ECF No. 29.

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the

6

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

    B.   Motion to Dismiss Count IV of the Complaint

    Terminix asserts that Count IV should be dismissed because it owed no duty to the plaintiffs.[5] ECF No. 16-1 at 3. The plaintiffs contend that Terminix had an independent duty to them.[6] ECF No. 19 at 15. To state a claim of negligence, the plaintiff must show that (1) the defendant had a duty to the plaintiff, (2) the defendant breached the duty, (3) the

---

[5] The Court notes that although Terminix answered in the circuit court, this Court may consider the motion because Terminix presented this defense in the answer. *See* 5C Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 1361; ECF No. 7; *see also* Fed. R. Civ. P. 12(i); Md. Rule 2-322(b)-(c).

[6] The plaintiffs also assert that Terminix's motion was either improper or should be considered one for summary judgment under Fed. R. Civ. P. 12(d) because Terminix had a contract with Aaron's which was not alleged in the complaint. *See* ECF No. 19 at 9. To the extent that the complaint cannot be read as implying a contract between Terminix and Aaron's, Terminix concedes that this was error and asks the Court to consider only the complaint in resolution of its motion. ECF No. 24 at 6-7. Accordingly, the Court will decide the motion on the complaint alone.

plaintiff suffered actual loss, and (4) the loss was proximately caused by the breach. *Rosenblatt v. Exxon Co., USA*, 642 A.2d 180, 188 (Md. 1994).

The parties dispute what contract is alleged in the complaint. Terminix believes that the complaint alleges a contract between itself and Aaron's. *See* ECF No. 24 at 3. The plaintiffs assert that the complaint alleges no contract between Aaron's and Terminix, but Brown had a contract with Terminix. *See* ECF No. 19 at 8, 15. Regardless of the reading of the complaint, the duty owed by Terminix in this case does not depend on the exact contours of the contract alleged.

Terminix relies on *Marlboro Shirt Co. v. American District Telephone Co.*, 77 A.2d 776 (Md. 1951) for the proposition that "a contractor owes no duty to the general public for which it may be made responsible in an action in tort for negligence, if it does not perform its contract." *Id.* at 778; *see* ECF No. 26-1 at 3. *Marlboro Shirt*, however, concerned "damage to certain stock and equipment." *Id.* at 777.

The plaintiffs assert that the *Marlboro Shirt* standard does not apply because they suffered personal injuries from Terminix's negligence. *See* ECF No. 19 at 16. In support, they

cite *Jacques v. First National Bank of Md.*, 515 A.2d 756 (Md. 1986),[7] where the Court of Appeals stated:

> Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability. This intimate nexus is satisfied by contractual privity or its equivalent. By contrast, where the risk created is one of personal injury, no such direct relationship need be shown, and the principle determinant becomes foreseeability.

*Id.*, at 759-760 (footnote omitted); *see* ECF No. 19 at 16.

The plaintiffs allege that Terminix's failure to properly inspect, treat, and arrive when scheduled led to the bed bugs spreading through the house, which caused personal injury. ECF No. 3 ¶¶ 79-91. Accordingly, *Jacques*'s foreseeability analysis- -rather than contractual privity--applies.[8] *See Jacques*, 515 A.2d 760.

---

[7] Despite Terminix's attempts to distinguish *Jacques* and argue the case is unpersuasive and not controlling, *see* ECF No. 24 at 4, the Maryland courts have repeatedly reaffirmed the *Jacques* principles. *See, e.g.*, *Blondell v. Littlepage*, 991 A.2d 80, 94-95 (Md. 2010).

[8] Citing *Noble v. Bruce*, 709 A.2d 1264 (Md. 1998), Terminix asserts that the Court may not balance factors for determining tort duties. ECF No. 24 at 4. *Noble* was a legal malpractice case where no personal injury was alleged. *See Noble*, 70 A.2d at 1266-68. Although *Noble* does hold that Maryland law does not include a balancing of factors for a tort duty, *see id.* at 1271, *Jacques* clearly articulates that foreseeability determines duty in personal injury cases. *See Jacques*, 515 A.2d at 760.

The Court notes that the Restatement (Second) of Torts § 323, which imposes stricter requirements on contracting parties for the imposition of a tort duty, has not been followed by Maryland courts post-*Jacques*. *See Chew v. Paul D. Meyer, M.D.*,

The allegations in the complaint, taken as true, show that the harm to the plaintiffs was foreseeable. *See Brockington*, 637 F.3d at 505. Terminix undertook to provide services directly to the plaintiffs--regardless of who the parties to the contract were--whom it knew were suffering from a bed bug infestation. *See, e.g.*, ECF No. 3 ¶¶ 20, 23. It was foreseeable that its failure to arrive for service and improper treatment could cause personal injuries, particularly in light of C.J.'s earlier bites. *See, e.g., id.* ¶¶ 11, 20, 23-25. Accordingly, Terminix owed a duty to the plaintiffs. *See Jacques*, 515 A.2d at 760. The motion to dismiss will be denied.

  C. Motion to Dismiss Counts II and III of the Crossclaim

  Terminix asserts that it cannot be liable to Aaron's for contribution or indemnification because it owed no duty to the plaintiffs. ECF No. 26-1 at 3. Aaron's asserts that the plaintiffs have pled sufficient facts to establish Terminix's liability. ECF No. 28 at 5.

  As discussed above, the complaint alleges that Terminix owed the plaintiffs a tort duty. *See supra* Part II.B. Terminix presents no other argument for why counts II and III of the crossclaim should be dismissed. Accordingly, the motion will be denied.

---

*P.A.*, 527 A.2d 828, 832 (Md. Ct. Spec. App. 1987) (noting that *Jacques* "implicitly rejected that Restatement section").

III. Conclusion

For the reasons stated above, Terminix's motions to dismiss will be denied. Its unopposed motion for an extension of time will be granted.

_S/14/13_
Date

William D. Quarles, Jr.
United States District Judge